## COOPERATIVE SEED & FARM SUPPLY SERVICE, Inc. v. WHITE et al.

Court of Appeals of Kentucky.

Nov. 9, 1951.

Terry L. Hatchett, Glasgow, for appellant.

Paul Carter, James T. Philpott, Tompkinsville, for appellees.

CLAY, Commissioner.

Appellant brought suit on an account to recover something over $2,000 allegedly owed by appellees. On this appeal the only matter in controversy is a credit of $1,135.19 allowed appellee. Appellee White testified he paid it in cash and appellant denies such payment. The jury believed White. Appellant contends it should have had a directed verdict.

White had extensive dealings with appellant for some time, and customarily paid invoices by periodic remittances of $1,000 checks. In August 1948 White sold his feed store, but thereafter purchases were made for his account.

On September 10, 1948 appellant's books showed a balance due of something over $3,000. On that date appellant received White's check for $1,000. White testified he thought $1,135.19 would close out his account, and he said he paid it that day in cash. This is the only direct evidence such cash payment was made, although White's wife testified she gave him eleven $100 bills when they were at appellant's place of business.

White produced no receipt. Appellant's books failed to show a copy of any such receipt. White's bank account for a month prior to September 10 showed no withdrawal of any amount in excess of $600. Appellant's bookkeeper to whom he said he made the payment denies it positively. Appellant's bank deposit slips did not show a deposit of as much as this amount on September 10.

In the light of the above evidence appellant contends that White's claim of payment is completely refuted. It argues that White's bald statement that he paid cash is no more than a scintilla of evidence, which is not sufficient to authorize submission of the issue to the jury. Reliance is placed upon the case of Hartford Fire Ins. Co. v. Webb, 281 Ky. 276, 135 S.W.2d 883. This was a suit on a fire insurance policy. A premium payment was past due when the loss occurred. The plaintiff claimed to have received a letter from the insurance company which advised that the policy would be kept in force until a date after the fire occurred. The company denied any such letter had been written or sent. In view of the positive denials of the agent who allegedly wrote the letter, supported by the company records, we held that the verdict for the plaintiff was flagrantly against the evidence and one should have been directed for the defendant.

The present case is distinguishable. In the Webb case the plaintiff attempted to prove an act done by the defendant which imposed liability. Here the defendant testified positively to his own acts. In addition, his wife's testimony and proof of inaccurate bookkeeping by appellant lend support to his unequivocal statement. Such supporting circumstances were not present in the Webb case.

The probabilities perhaps favor appellant's denial of payment. Yet the jury saw and heard appellee, and did not believe he was lying. We cannot usurp their function of determining his credibility and decide as a matter of law he was not worthy of belief. A definite issue, supported by substantial competent evi-

dence on both sides, was presented. The question of fact addressed itself to the jury, and it was not the trial Court's nor our province to exercise independent judgment on the matter. It was properly submitted.

The judgment is affirmed.